**GRAHAM CURTIN**
A Professional Association
Four Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey  07962-1991
(973) 292-1700
Attorneys for Defendants,
Mullooly, Jeffrey, Rooney &
Flynn, LLP, and John J. Sheerin, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UZ C. KHWEYE, | : | Civil Action No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **NOTICE OF REMOVAL** |
| MULLOOLY, JEFFREY, ROONEY & | : | |
| FLYNN, LLP and JOHN J. SHEERIN, | : | |
| ESQ., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§1332, 1441 and 1446 Defendants Mullooly, Jeffrey, Rooney & Flynn, LLP, and John J. Sheerin, Esq. hereby remove to this Court Docket No. ESX-L-5585-10 currently pending before the Superior Court of New Jersey, Law Division, Essex County (the "State Court Action").  In support of removal, Defendants state as follows:

1035011_1

## I.    BACKGROUND

1.    On or about July 6, 2010, plaintiff Uz C. Khweye, on behalf of himself and others similarly situated, brought this action by filing a complaint (the "Complaint," attached hereto as Exhibit 1) in the State Court Action, where the case was assigned the docket number ESX-L-5585-10.

2.    Plaintiff alleges that Defendants made misrepresentations and violated the Fair Debt Collection Practices Act in connection with their debt collection practices.  In addition to other relief, plaintiff seeks class certification and money damages pursuant to the Fair Debt Collection Practices Act and other applicable statutes, together with a demand for the attorneys fees, costs, consequential damages, punitive damages and pre-judgment and post-judgment interest, thereby exceeding $75,000.   Claims for punitive damages and attorneys fees may be aggregated with claims for compensatory damages for purposes of satisfying the amount in controversy for diversity jurisdiction.  See Goralski v. Shared Techs., Inc., 2009 U.S. Dist. LEXIS 69042.

## II.    ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332

3.    According to the allegations of the Complaint, plaintiff Uz C. Khweye is a New Jersey resident.

4.    Defendants Mullooly, Jeffrey, Rooney & Flynn, LLP is a New York limited liability partnership and John J. Sheerin, Esq. is a resident of the State of New York. Accordingly, there is complete diversity between Plaintiff and Defendants.

5.    This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) inasmuch as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

2

1035011_1

## III.   SATISFACTION OF PROCEDURAL REQUIREMENTS FOR REMOVAL

6.      Defendants Mullooly, Jeffrey, Rooney & Flynn, LLP, and John J. Sheerin, Esq. received service of the Complaint on July 20, 2010.  Removal is timely under 28 U.S.C. § 1446(b) because Defendants are removing within 30 days of receiving service.

7.      Removal to the United States District Court for the District of New Jersey is proper under 28 U.S.C. § 1441(a) because this Court is the district court of the United States for the district and division embracing the place where the removed action was pending.

8.      As required by 28 U.S.C. § 1446(a), all pleadings, process, orders and other filings in the State Court Action in addition to the Complaint are attached to this notice as Exhibit 2.

9.      No other pleadings, orders or processes have been served upon Defendants. Defendants are unaware of any state court pleadings in this matter beyond the attached Complaint.

10.     Defendants will file promptly a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, where the action has been pending, and will serve the same upon all adverse parties as required by 28 U.S.C. § 1446(d).

11.     Nothing in this Notice shall constitute a waiver of Defendants' right to object to service or jurisdiction.

1035011_1

**WHEREFORE**, Defendants respectfully request that this case be removed from the Superior Court of New Jersey, Law Division, Essex County, to this Court.

DATED:  August 19, 2010

Respectfully submitted,

*s/ Loren L. Speziale*
Loren L. Speziale
GRAHAM CURTIN
A Professional Association
Four Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Tel: (973) 292-1700
Fax: (973) 292-1767
Attorneys for Defendants

4

# EXHIBIT 1

Andrew R. Wolf, Esq.
Galex Wolf, LLC
1520 U.S. Highway 130 - Suite 101
North Brunswick, NJ 08902
(732) 257-0550 - tel
(732) 257-5654 - fax

Christopher J. McGinn
The Law Office of Christopher J. McGinn
P.O. Box 365
79 Paterson St.
New Brunswick, NJ  08901
(732) 937-9400 - tel
(800) 931-2408 - fax

Glen H. Chulsky, Esq.
Law Office of Glen H. Chulsky
410 Route 10 West, Suite 210
Ledgewood, NJ 07852
(973) 252-9000 - tel
973) 252-9100 - fax

Attorneys for Defendant Plaintiff
on behalf of himself and those similarly situated

| | |
|---|---|
| Uz C. Khweye,<br><br>             Plaintiff,<br><br><br>            vs.<br><br><br>Mullooly, Jeffrey, Rooney & Flynn LLP and<br>John J. Sheerin, Esq.,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY - LAW DIVISION<br><br>Civil Action<br><br>Docket No.: ESX-L-_____<br><br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

## NATURE OF THE CASE

1.  Defendants are New York debt collectors that routinely file consumer debt collection lawsuits in New Jersey Superior Court.  Defendants' collection practices violated the rights of Plaintiff and those similarly situated in two central ways.

2.  First, when making an application for a default judgment, documents submitted by Defendant John J. Sheerin, Esq., a partner with the Mullooly firm, falsely represented to the Court that the claims against Plaintiff and those similarly situated did not involve a the sale of repossessed property when Defendants knew or should have known that matters did

involve the sale of repossessed motor vehicles.

3.   This representation concerning the sale of repossessed chattel was an essential element to Defendants' obtaining a default judgment pursuant to New Jersey Court Rules and the New Jersey Uniform Commercial Code.   Thus, the judgments against Plaintiff and those similarly situated were obtained on the basis of Defendants' misrepresentation as to the character of the alleged debt.

4.   Second, in applying to the Court for default judgments, Defendants filed a number of documents                                                    of Plaintiff and those similarly situated.  As a result, those

5.   Plaintiff brings claims on behalf of himself and all others similarly situated for claims under common law and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), a federal law designed to prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. 1692 et seq. pursuant to 15 U.S.C. 1692k(d).

7.   Venue is proper as Essex County as it is the location of Plaintiff's residence.

## ALLEGATIONS OF FACT

8.   Plaintiff Uz C. Khweye resides in Newark, New Jersey.

9.   At all times relevant, Mullooly, Jeffrey, Rooney & Flynn LLP was a law firm that engaged in the collection of debts.

10.  At all times relevant, the principal business engaged in by the Mullooly firm was the collection of debts.

Redacted

11.   At all times relevant, the principal business engaged in by the Mullooly firm was the collection of debts, which debts were incurred primarily for personal, family or household purposes.

12.   At all times relevant, the principal business engaged in by the Mullooly firm was the collection of consumer debts.

13.   At all times relevant, the Mullooly firm regularly collected or attempted to collect debts owed or due or asserted to be owed or due another.

14.   At all times relevant, the Mullooly firm regularly collected or attempted to collect consumer debts owed or due or asserted to be owed or due another.

15.   At all times relevant, the Mullooly firm regularly collected or attempted to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

16.   At all times relevant, the Mullooly firm used the mail or other instruments of interstate commerce in his attempts to collect consumer debts owed or due or asserted to be owed or due another.

17.   At all times relevant, the Mullooly firm used the mail or other instruments of interstate commerce in his attempts to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

18.   At all times relevant, the Mullooly firm was a "debt collector" within the scope of the definition contained in 15 U.S.C. 1692a(6).

19.   The Mullooly firm was retained by Leaders Financial Co. to collect an alleged debt from Plaintiff.

20.   The basis for the alleged debt was a retail installment sales contract that was secured by a

motor vehicle purchased by Plaintiff.

21.   Plaintiff purchased the vehicle primarily for personal, family or household purposes.

22.   On or about June 8, 2009, Defendants filed a Complaint against Plaintiff seeking to collect an alleged debt on behalf of Leaders Financial Co. (Leaders).

23.   The June 8, 2009 Complaint was signed by Mr. Sheerin.

24.   Defendants provided the Court with an address of 120 North 9th St., Newark, New Jersey, 07107 (the 9th Street address) for Mr. Khweye.  The Court mailed the June 8, 2009 Complaint to this address via certified and regular U.S. mail.

25.   Both mailings to the 9th Street address were returned to the Court as undelivered.

26.   Mr. Khweye did not receive the June 8, 2009 Complaint.

27.   When Defendants did not refile the Complaint within 60 days, the Court dismissed the June 8, 2009 Complaint.

28.   On November 30, 2009, Defendants filed a second Complaint on behalf of Leaders seeking to collect an alleged debt against Mr. Khweye.

29.   Before filing the November 30, 2009 Complaint against Mr. Khweye, the Mullooly firm knew that Leaders' claim directly or indirectly involved the sale of a repossessed motor vehicle.

30.   Before filing the November 30, 2009 Complaint against Mr. Khweye, Mr. Sheerin knew that Leaders' claim directly or indirectly involved the sale of a repossessed motor vehicle.

31.   In recognition that Mr. Khweye did not reside at the 9th Street address, Defendants provided the Court with an address of P.O. Box 7534, Newark, New Jersey, 07107 (the P.O. Box address) for Mr. Khweye.

32.   The Court's file contains an unsigned Summons dated November 30, 2009, with the P.O.

Box address on it.

33. The Court's file does not indicate that a copy of the November 30, 2009 Complaint was sent to Mr. Khweye by registered mail.

34. Mr. Khweye never received the November 30, 2009 Complaint.

35. In fact, Mr. Khweye never received any document from the Court or from Defendants related to the Leaders' lawsuit against him.

36. Defendants subsequently filed with the Court an application for a default judgment against Mr. Khweye.

37. Mr. Sheerin submitted Leaders' application for a default judgment against Mr. Khweye.

38. The application for a default judgment against Mr. Khweye included the affidavit of Paul W. Torok, dated February 4, 2001. Along with the Torok certification, Defendants also submitted several exhibits, including but not limited to: an untitled information sheet and an account statement titled "Debtor Maintenance".

39. The Torok affidavit and its exhibits were filed by the Court on March 4, 2010.

40. The Torok affidavit was prepared by the Mullooly firm.

41. The Torok affidavit was prepared by Mr. Sheerin.

42. The Torok affidavit was reviewed by an attorney from the Mullooly firm before it was signed by Mr. Torok.

43. The Torok affidavit was reviewed by Mr. Sheerin before it was signed by Mr. Torok.

44. The Torok affidavit was reviewed by an attorney from the Mullooly firm both before it was signed by Mr. Torok and after it was signed by Mr. Torok.

45. The Torok affidavit was reviewed by Mr. Sheerin both before it was signed by Mr. Torok and after it was signed by Mr. Torok.

46. The application for a default judgment against Mr. Khweye was reviewed by an attorney from the Mullooly firm before it was filed with the Court.

47. The application for a default judgment against Mr. Khweye was reviewed by Mr. Sheerin before it was filed with the Court.

48. The                                                    is included in the caption of the Torok affidavit.

49. A review of Court records indicates that in the year before this Complaint was filed, Defendants have filed with the New Jersey Superior Court more than 50 affidavits of Mr. Torok

50. Upon information and belief, Defendants' practice of including

51. The "Debtor Maintenance" form which Defendants filed with the Torok affidavit in their application for a default judgment also includes

52. The            is written in the format of a appears next to the text

53. The "Debtor Maintenance" form includes                          next to the text:

54. A review of Court records indicates that in the year before this Complaint was filed, Defendants have filed with the New Jersey Superior Court more than 50 "Debtor

**Redacted**

Maintenance Forms" that contain

Defendant in each action.

55. Paragraph 3 of the Torok affidavit includes the following sentence: "This claim is not based on a writ of attachment, capias ad respondendum, replevin or claims based directly or indirectly upon the sale of chattel wherein a chattel has been repossessed peaceably or by legal process."

56. Leaders' claim in the Complaint it filed against Mr. Khweye was based directly or indirectly on the sale of a motor vehicle that had been repossessed by Leaders.

57. Before filing the application for a default judgment against Mr. Khweye, the Mullooly firm knew that Leaders' claim directly or indirectly involved the sale of a repossessed motor vehicle.

58. Before filing the application for a default judgment against Mr. Khweye, Mr. Sheerin knew that Leaders' claim directly or indirectly involved the sale of a repossessed motor vehicle.

59. A review of Court records indicates that in the year before this Complaint was filed, Defendants filed with the New Jersey Superior Court more than 50 applications for a default judgment on behalf of Leaders that included an affidavit with the following sentence: "This claim is not based on a writ of attachment, capias ad respondendum, replevin or claims based directly or indirectly upon the sale of chattel wherein a chattel has been repossessed peaceably or by legal process." Upon information and belief, in a significant portion of those cases, that claim was false and the claims were based, directly or indirectly, on the sale of a repossessed motor vehicle.

60. On March 4, 2010, the Court granted Leaders' request for a default judgment against Mr. Khweye in the amount of $4,291.90.

**Redacted**

61.  In attempting to collect the judgment against Mr. Khweye, Defendants filed with the Court a letter requesting a writ of execution and levy upon Mr. Khweye. The letter is dated April 2, 2010 and is written on the letterhead of the Mullooly firm.

62.  The April 2 letter includes the complete

63.  · The          is written in the format of a

64.  The April 2, 2010 letter provides the Court with the address of

65.  Defendants knew or should have known that this was the wrong address as they provided a different address to the Court for the filing of the November 30, 2009 Complaint.

66.  Defendants filed with the Court three separate documents that contain

67.  As a result of Defendants' actions,

68.  Within the year prior to the filing of this Complaint, Defendants filed one or more documents with the New Jersey Superior Court that contained

69.  Within the last year prior to the filing of this Complaint, Defendants obtained judgments against more than 50 New Jersey residents in which Defendants submitted an affidavit that falsely stated that the "claim is not based on a writ of attachment, capias ad respondendum, replevin or claims based directly or indirectly upon the sale of chattel wherein a chattel has been repossessed peaceably or by legal process".

70.  Leaders did not authorize Defendants to

**Redacted**

71.  Plaintiff and those similarly situated are at an increased risk of

72.  Defendants publicly posted or publicly displayed

73.  Defendants intentionally communicated or otherwise made available the

74.  Defendants did not restrict access of

75.  Defendants did not carefully select and monitor the work of their employees and/or agents.

76.  Defendants failed to set in place mechanisms that would have prevented

77.  Defendants did not inform Leaders that it was not permitted to file documents with the
Court containing the

78.  Defendants' act of
caused him to suffer damages including but not limited to out of pocket expenditures,
including .

79.  In collection actions filed in New Jersey courts against New Jersey residents Defendants
have, on more than 50 occasions since July 7, 2010, filed with those courts one or more

**Redacted**

documents containing the

in that action.

80.   In collection actions filed in New Jersey courts against New Jersey residents, Defendants

have, on more than 250 occasions since July 7, 2010, filed with those courts one or more

documents containing the

in that action.

81.   Defendants' mischaracterization of the character of the debt allegedly owed by Plaintiff

and those similarly situated caused a judgment to be entered against Plaintiff.

82.   The Leaders' judgment against Plaintiff is part of Plaintiff's credit report.

83.   The Leaders' judgment has harmed the credit rating of Plaintiff.

## PLAINTIFF SEEKS THE CERTIFICATION OF A CLASS ACTION

84.   This action is brought and may properly proceed as a class action, pursuant to the

provisions of Rule 4:32-1(b)(2) of the New Jersey Court Rules.  Plaintiff brings this action

on behalf of himself and others similarly situated.

85.   The Class is initially defined as follows:

A)    All persons                                              . on a document that

Defendants or their agents filed on or after the period beginning one year prior to the filing

of the Complaint in this action in a New Jersey state court collection action on behalf of any

creditor; and/or

B)    All persons against whom Defendants attempted to obtain or obtained a default

judgment on behalf of Leaders Financial Co. in which Defendants submitted a certification

or affidavit which falsely stated that the claims were not based directly or indirectly upon

the sale of chattel wherein a chattel has been repossessed peaceably or by legal process.

**Redacted**

86.   The Class definitions may be subsequently refined.

87.   Specifically excluded from this classes are any entity in which any Defendant has a
      controlling interest, and the officers, directors, employees, affiliates, subsidiaries, legal
      representatives, heirs, successors and their assigns of any entity, together with any
      immediate family member of any officer, director or employee of said companies.  Also
      excluded from the Classes are any Judge presiding over this Action and members of her or
      his immediate families.

88.   The Classes for whose benefit this action is brought is so numerous that joinder of all
      members is impracticable.

89.   Plaintiff's claims are typical of the claims of those whom he seeks to represent.

90.   There are questions of law and fact common to the members of the Class.  These common
      questions include, but are not limited to:

      A.  Whether Defendants
          Plaintiff and the members of the Class;

      B.  Whether Defendants' practice or
          Plaintiff and those similarly situated violated the FDCPA;

      C.  Whether Defendants mischaracterized the character of the alleged debt of Plaintiff
          and those similarly situated; and

      D.  Whether Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

91.   Plaintiff will fairly and adequately protect the interests of the Classes, and has retained
      competent counsel experienced in the prosecution of consumer litigation. Proposed Class
      counsel has significant experience in class action litigation and claims of the type asserted
      in this action.

**Redacted**

92.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual class members are significant, the amount may be modest compared to the expense and burden of individual litigation. Additionally, the FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

93.   The claims of the Plaintiff are typical of the claims of the members of the Classes.

94.   The questions of law and/or fact common to the members of the Classes predominate over any questions affecting only individual members.

95.   Plaintiff does not have interests antagonistic to those of the Classes.

96.   The Classes, of which Plaintiff is a member, are readily identifiable.

97.   Plaintiff will fairly and adequately protect the interests of the Classes, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel has investigated and identified potential claims in the action; has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

98.   The prosecution of separate actions by individual members of the Classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the classes would create the risk that adjudications with respect to individual members of the classes would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede

their ability to protect their interests.   Prosecution as a class action will eliminate the possibility of repetitious litigation.

99.   The Defendants have acted or refuse to act on grounds generally applicable to the classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

100.  Plaintiff does not anticipate any difficulty in the management of this litigation

## FIRST COUNT

### Violations of the Fair Debt Collection Practices Act

101.  Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

102.  Defendants violated 15 U.S.C. 1692 *et seq.* of the FDCPA in connection with their communications regarding Plaintiff and those similarly situated.

103.  Defendants violated 15 U.S.C. 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of an alleged debt from Plaintiff and those similarly situated.

104.  Defendant violated 15 U.S.C. 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff and those similarly situated in connection with the collection of an alleged debt.

105.  Defendant violated 15 U.S.C. 1692e(2)(A) of the FDCPA by falsely characterizing the amount, character, and/or legal status of the alleged debt of Plaintiff an those similarly situated.

106.  Defendant violated 15 U.S.C. 1692e(10) of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of an alleged debt from Plaintiff and those similarly situated.

107. Defendant violated 15 U.S.C. 1692f by using an unfair or unconscionable means to collect a debt.

108. Defendant violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. 1692d, 15 U.S.C. 1692e, and 15 U.S.C. 1692f.

109. The violations of the FDCPA described herein constitute *per se* violations.

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For certification of a class and appointment of Plaintiff as class representative and Plaintiff's attorneys as class representative.

B. For injunctive relief prohibiting Defendants from publicly filing in a New Jersey Superior Court

C. For an injunction requiring Defendants, at their own expense, to: A) arrange for the of Plaintiff and those similarly situated from all documents filed with the New Jersey Superior Court by Defendants; and B) provide those persons with notice as to what occurred.

D. For an injunction requiring Defendants to provide appropriate notice to the relevant Courts and the Defendants in cases where Leaders obtained a judgment where the application contained a false representation that the case did not involve the sale of repossessed property.

E. For declaratory judgment that Defendants violated the FDCPA (15 U.S.C. 1692 *et seq.*).

F. For injunctive relief prohibiting Defendants from future violations of the FDCPA (15 U.S.C. 1692 *et seq.*) as set forth herein and requiring Defendants to comply with these statutes and all applicable regulations.

G. For Defendants pay maximum statutory damages under the FDCPA (15 U.S.C. 1692 *et seq.*) and all other applicable statutes.

H. For Defendants to pay reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. 1692k(a)(3) and all other applicable statutes.

I. For Defendant to pay the actual damages of Plaintiff and those similarly situated.

J. For actual damages.

K. For nominal damages.

Redacted

L.  For punitive damages.

M.  For consequential damages.

N.  For pre-judgment and post-judgment interest.

O.  For such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew R. Wolf, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated except that: A) Plaintiff intends to simultaneously file a class action Complaint in this Court against Leaders Financial Co. for claims that in relate in part to the obtaining of judgments under false pretenses and improperly making public social security numbers; and B) Defendants obtained a judgment against Plaintiff in the matter of Leaders' Financial Co. v. Uz C. Khweye, Docket No.: ESX-DC-018949-09. In an effort to mitigate damages, Plaintiffs counsel has requested that Leaders vacate that judgment. As of the filing of this Complaint, that judgment has not yet been vacated. I further certify that I know of no party who should be joined in this action at this time.

Christopher J. McGinn, Esq.
Law Office of Christopher J. McGinn
Attorney for Plaintiff and those similarly situated

Dated: July 6, 2009

# EXHIBIT 2

# GALEX WOLF LLC

**A T T O R N E Y S   A T   L A W**

1520 U.S. Hwy. 130, Suite 101
North Brunswick, NJ 08902
(732) 257-0550  Fax (732) 257-5654
www.galexwolf.com
info@galexwolf.com

**Richard Galex**
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
Member NJ, FL, OH, TX, USVI Bars

**Andrew R. Wolf**
Member NJ Bar

**Henry P. Wolfe**
Member NJ, NY, MI Bars

**Elliot M. Gardner**
Member NJ, NY Bars

**Matthew A. Schiappa**
Member NJ, NY, PA Bars

**Charles N. Miller**
Of Counsel

July 16, 2010

**Via Facsimile to (519) 921-2750**
**Electronic Mail and Regular Mail**
Attn: John J. Sheerin, Esq., Prose Defendant & Counsel for
Mullooly, Jeffrey, Rooney & Flynn, LLP
6851 Jericho Turnpike
P.O. Box 9036
Syosset, NY 11791-9036

Re:   Khweye vs. Mullooly, Jeffrey, Rooney & Flynn, LLP, et al.
Docket No.: ESX-L-5585-10

Dear Mr. Sheerin:

With regard to the above referenced matter and pursuant to your telephone conversation with Christopher McGinn, Esq., enclosed please find a Summons and filed Class Action Complaint and Jury Demand on Mullooly, Jeffrey, Rooney & Flynn, LLP as well as on you, John J. Sheerin, Esq.. You have agreed to accept same on behalf of Defendants Mullooly, Jeffrey, Rooney & Flynn, LLP and yourself as Pro Se Defendant John J. Sheerin, Esq.

Kindly sign the enclosed copy of this letter and return it in the envelope provided.

Very truly yours,

**ANDREW R. WOLF**

ARW/las
Enclosures
cc:   Christopher J. McGinn, Esq. – Via Electronic Mail
      Glen H. Chulsky, Esq. – Via Electronic Mail

---

I, John J. Sheerin, Esq., acknowledge receipt and accept service of the Summonses and filed Class Action Complaint & Jury Demand on behalf of myself John J. Sheerin, Esq., as well as the named defendants Mullooly, Jeffrey, Rooney & Flynn, LLP as referenced above, on July
20 , 2010.

Signature: _____
John J. Sheerin, Esq., Pro Se
Defendant, and Counsel for
Defendants Mullooly, Jeffrey,
Rooney & Flynn, LLP

---

Florida Office: Richard Galex • 370 Camino Gardens Boulevard, Suite 344, Boca Raton, Florida 33432 • P (561) 391-3999 • F (561) 391-1020