**GRAHAM CURTIN**
*A Professional Association*
Four Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
Attorneys for Defendants, Mullooly, Jeffrey, Rooney &
  Flynn, LLP, and John J. Sheerin, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UZ C. KHWEYE,<br><br>               Plaintiff,<br><br>v.<br><br>MULLOOLY, JEFFREY, ROONEY &<br>FLYNN, LLP and JOHN J. SHEERIN,<br>ESQ.,<br><br>               Defendants. | Civil Action No. 2:10-cv-04264<br><br><br>**AMENDED ANSWER OF DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT** |

Now come Defendants Mullooly, Jeffrey, Rooney & Flynn LLP and John J. Sheerin, Esq.

("Defendants"), by counsel, and for their Amended Answer to Plaintiff's Amended Complaint,

provide as follows:

### FIRST DEFENSE

1.     Admitted that Defendants are debt collectors located in New York. Further admitted that Defendants routinely file consumer debt collection lawsuits in New Jersey Superior Court. All other allegations contained in paragraph 1 of the Amended Complaint are denied.

2.     Admitted that the documents filed by Defendants speak for themselves. All other allegations contained in paragraph 2 of the Amended Complaint are denied.

1

3.   Admitted that the documents filed by Defendants speak for themselves. All other allegations contained in paragraph 3 of the Amended Complaint are denied.

4.   Admitted that the documents filed by Defendants speak for themselves. All other allegations contained in paragraph 4 of the Amended Complaint are denied.

5.   Denied.

6.   Admitted that this Court has subject matter jurisdiction of Plaintiff's federal claims. All other allegations contained in paragraph 6 of the Amended Complaint are denied.

7.   Admitted.

8.   Admitted.

9.   Admitted.

10.   Admitted.

11.   Admitted.

12.   Admitted.

13.   Admitted.

14.   Admitted.

15.   Admitted.

16.   Admitted.

17.   Admitted.

18.   Admitted.

19.   Admitted.

20.   Admitted that under certain circumstances, Defendants may be a "debt collector" as that term is defined in the Fair Debt Collection Practices Act. All other allegations contained in paragraph 20 of Plaintiff's Amended Complaint are denied.

21.   Admitted that Defendants were retained by Leaders Financial Co. to collect on an account from Plaintiff. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Amended Complaint, and therefore deny said allegations.

1268246_1

22.     Admitted.

23.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint, and therefore deny said allegations.

24.     Admitted.

25.     Admitted.

26.     Admitted that the documents filed by Defendants speak for themselves. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Amended Complaint, and therefore deny said allegations.

27.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint, and therefore deny said allegations.

28.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint, and therefore deny said allegations.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Admitted that the documents filed by Defendants speak for themselves. All other allegations contained in paragraph 33 of Plaintiff's Amended Complaint are denied.

34.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint, and therefore deny said allegations.

35.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint, and therefore deny said allegations.

36.     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint, and therefore deny

3

1268246_1

said allegations.

37. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint, and therefore deny said allegations.

38. Admitted.

39. Admitted.

40. Admitted that the documents filed by Defendants speak for themselves. All other allegations contained in paragraph 40 of Plaintiff's Amended Complaint are denied.

41. Admitted.

42. Admitted that the documents filed by Defendants speak for themselves. All other allegations contained in paragraph 42 of Plaintiff's Amended Complaint are denied.

43. Admitted that the documents filed by Defendants speak for themselves. All other allegations contained in paragraph 43 of Plaintiff's Amended Complaint are denied.

44. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint, and therefore deny said allegations.

45. Admitted.

46. Admitted.

47. In response to paragraph 47 of the Amended Complaint, Defendant denies that the "Debtor Maintenance" was "attached to the Torok affidavit in the default application against Mr. Khweye." Defendant admits that the "Debtor Maintenance" document was not provided to Defendants by Leaders or Mr. Torok.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Denied.

53. Admitted.

1268246_1

54.    Admitted.

55.    Admitted.

56.    Admitted.

57.    Admitted.

58.    Admitted.

59.    Admitted that the documents filed by Defendants speak for themselves.   All other allegations contained in paragraph 59 of Plaintiff's Amended Complaint are denied.

60.    Admitted that Defendants have filed more than 50 documents with the New Jersey Superior Court.   Further admitted that the documents filed by Defendants speak for themselves.   All other allegations contained in paragraph 60 of Plaintiff's Amended Complaint are denied.

61.    Admitted.

62.    Admitted that the documents filed by Defendants speak for themselves.   All other allegations contained in paragraph 62 of Plaintiff's Amended Complaint are denied.

63.    Admitted.

64.    Admitted.

65.    Admitted.

66.    Admitted that Defendants have filed more than 50 documents with the New Jersey Superior Court.   Further admitted that the documents filed by Defendants speak for themselves.   All other allegations contained in paragraph 66 of Plaintiff's Amended Complaint are denied.

67.    Admitted that Defendants have filed more than 50 documents with the New Jersey Superior Court.   Further admitted that the documents filed by Defendants speak for themselves.   All other allegations contained in paragraph 67 of Plaintiff's Amended Complaint are denied.

68.    Admitted that Defendants have filed more than 200 documents with the New Jersey Superior Court.   Further admitted that the documents filed by Defendants speak for themselves.   All other allegations contained in paragraph 68 of Plaintiff's Amended Complaint are denied.

1268246_1

69.     Admitted that the documents filed by Defendants speak for themselves.    All other allegations contained in paragraph 69 of Plaintiff's Amended Complaint are denied.

70.     Admitted.

71.     Admitted that Defendants should have known that Leaders' claim directly or indirectly involved the sale of a repossessed motor vehicle.    All other allegations contained in paragraph 71 of Plaintiff's Amended Complaint are denied.

72.     Admitted that Defendants should have known that Leaders' claim directly or indirectly involved the sale of a repossessed motor vehicle.    All other allegations contained in paragraph 72 of Plaintiff's Amended Complaint are denied.

73.     Admitted that Defendants have filed more than 50 documents with the New Jersey Superior Court.    Further admitted that the documents filed by Defendants speak for themselves.    All other allegations contained in paragraph 73 of Plaintiff's Amended Complaint are denied.

74.     Admitted that Defendants have filed more than 50 documents with the New Jersey Superior Court.    Further admitted that the documents filed by Defendants speak for themselves.    All other allegations contained in paragraph 74 of Plaintiff's Amended Complaint are denied.

75.     Admitted.

76.     Admitted.

77.     Admitted that the documents filed by Defendants speak for themselves.    All other allegations contained in paragraph 77 of Plaintiff's Amended Complaint are denied.

78.     Admitted that the documents filed by Defendants speak for themselves.    All other allegations contained in paragraph 78 of Plaintiff's Amended Complaint are denied.

79.     Admitted that the documents filed by Defendants speak for themselves.    All other allegations contained in paragraph 79 of Plaintiff's Amended Complaint are denied.

80.     Admitted that the documents filed by Defendants speak for themselves.    All other allegations contained in paragraph 80 of Plaintiff's Amended Complaint are denied.

81.     Admitted that the documents filed by Defendants speak for themselves.    All other allegations contained in paragraph 81 of Plaintiff's Amended Complaint are denied.

82.     Denied.

83.     Admitted that within one year of the filing of Plaintiff's Complaint, Defendants have

filed documents with the New Jersey Superior Court related to more than 50 New Jersey residents. Further admitted that the documents filed by Defendants speak for themselves. All other allegations contained in paragraph 83 of Plaintiff's Amended Complaint are denied.

84.    Admitted that within one year of the filing of Plaintiff's Complaint, Defendants have filed documents with the New Jersey Superior Court related to more than 50 New Jersey residents. Further admitted that the documents filed by Defendants speak for themselves. All other allegations contained in paragraph 84 of Plaintiff's Amended Complaint are denied.

85.    Admitted that within one year of the filing of Plaintiff's Complaint, Defendants have obtained judgments against more than 50 New Jersey Residents. All other allegations contained in paragraph 85 of Plaintiff's Amended Complaint are denied.

86.    Admitted that within one year of the filing of Plaintiff's Complaint, Defendants have obtained judgments against more than 100 New Jersey Residents. All other allegations contained in paragraph 86 of Plaintiff's Amended Complaint are denied.

87.    Admitted.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   All allegations incorporated by reference in paragraph 119 of the Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

120.   Denied.

121.   Denied.

1268246_1

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   All other allegations of the Amended Complaint not otherwise specifically admitted or denied herein are denied.

## ADDITIONAL DEFENSES

1.   Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2.   Plaintiff failed to state claims upon which relief can be granted.

3.   Defendants acted in good faith at all times.

4.   Defendants did not make any false or misleading representation to Plaintiff or anyone else.

5.   Plaintiff did not justifiably rely upon any alleged false or misleading representation.

6.   Plaintiff's claims are barred by the doctrine of res judicata, collateral estoppel, issue preclusion and/or claim preclusion.

7.   Plaintiff's claims are barred by the applicable statute of limitations.

8.   Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

WHEREFORE, Defendants request that this Court dismiss Plaintiff's Amended Complaint at Plaintiff's cost, and that Defendants be awarded reasonable attorney fees and costs as provided for under applicable law.

9

1268246_1

## L. CIV. R. 11.2 DECLARATION

Pursuant to L. Civ. R. 11.2 and 28 U.S.C. § 1746, the undersigned member of the bar of this Court hereby declares that the matter in controversy is not presently the subject of any other action pending in any other Court, or of any pending arbitration or administrative proceeding, except for a consolidated action pending in the Superior Court of New Jersey, Essex County which is captioned Khweye v. Leaders Financial Co., et al., Docket Number ESX-L-005584-10 and Leaders Financial Co. v. Khweye, Docket Number ESX-DC-018949-09.

**GRAHAM CURTIN**
*A Professional Association*
Attorneys for Defendants


By:___s/David M. Blackwell_____
DAVID M. BLACKWELL

Dated: May 6, 2011

10

## DECLARATION OF SERVICE

Pursuant to Fed. R. Civ. Pro. 5 and 28 U.S.C. § 1746, the undersigned member of the bar

of this Court hereby declares that one (1) true copy of the foregoing Amended Answer and

Separate Defenses, together with this declaration of service, was served via Electronic Filing

upon counsel of record for plaintiff addressed as follows:

> Andrew R. Wolf
> Galex Wolf, LLC
> 1520 U.S. Highway 130 – Suite 101
> North Brunswick, NJ 08902
> 732-257-0550 - tel.
> 732-257-5654 – fax
>
> Christopher J. McGinn
> The Law Office of Christopher J. McGinn
> P.O. Box 365
> 79 Paterson St.
> New Brunswick, NJ 08901
> 732-937-9400 – tel
> 800-931-2408 – fax

The undersigned hereby declares under penalty of perjury that the foregoing declaration

of service is true and correct.



                              s/David M. Blackwell
                              DAVID M. BLACKWELL

Dated:  May 6, 2011

11